IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:20-CR-115-Z |
| | § | |
| JEFFREY RENE LOPEZ | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION FOR NEW TRIAL

Before the Court is Defendant Jeffrey Rene Lopez's Motion to Set Aside Verdict for New Trial (ECF No. 71) ("Motion"). Defendant moves for (1) a new trial, (2) reconsideration of his pre-trial Motion to Suppress, and (3) reconsideration of the Court's ruling on Defendant's mid-trial Motion to Suppress certain information taken from text messages found on Defendant's cell phone.[1] The Government filed a Response opposing Defendant's Motion. ECF No. 73. Having reviewed the relevant briefing and the applicable law, the Court **DENIES** Defendant's Motion for a New Trial and, in its discretion, **DENIES** both Defendant's Motions to Reconsider. *See U.S. v. Jarman*, 847 F.3d 259, 264 (5th Cir. 2017) ("This Court 'generally review[s] the denial of a motion to reconsider for abuse of discretion.' " (alteration in original) (quoting *U.S. v. Rabhan*, 540 F.3d 344, 346 (5th Cir. 2008))).

### BACKGROUND

On April 2, 2021, Defendant filed a pretrial Motion to Suppress (ECF No. 43) all evidence seized in connection with the search of his vehicle on the night of his arrest—as well as any

---

[1] The Court denied Defendant leave to make a mid-trial Motion to Suppress because the Motion was untimely under 12(c)(3) and because Defendant waited until after the admission of the evidence to make the Motion to Suppress, which the Court held to be "invited error." *See U.S. v. Salazar*, 751 F.3d 326 (5th Cir. 2014).

statements to law enforcement regarding that evidence. The Court denied the Motion in an April 9, 2021, Memorandum Opinion and Order. ECF No. 49.

On April 8, 2021, the Government provided Notice to Defense Counsel that it intended to introduce text messages found during a Cellbrite forensic download of Defendant's cell phone pursuant to Federal Rule of Evidence 404(b). *See* ECF No. 50 at 5. The Government sought to admit that evidence to prove Defendant's intent to distribute the methamphetamine found during the search of the vehicle. *Id.* Defendant did not stipulate to Government's Exhibits 102 and 103, which contained the text messages, and reserved his right to object during trial. ECF No. 53.

During the April 21, 2021, Pretrial Conference, Defense Counsel informed the Government and the Court that he intended to renew during trial his Motion to Suppress any evidence seized during the search of Defendant's vehicle and Defendant's confession to officers. The Court subsequently entered a Limiting Instruction and Order in Limine (ECF No. 60), which permitted Defendant to enter a running objection to the Court's Memorandum Opinion and Order for any exhibits relevant to his Motion to Suppress. That Order in Limine explicitly advised Defendant that *additional* motions to suppress would require a showing of "good cause" under Federal Rule of Criminal Procedure 12(c)(3).

As the Government presented its case-in-chief, Defendant objected to the introduction of the text messages (Government's Exhibits 102 and 103) under Federal Rule of Evidence 404(b). The Court admitted the exhibits over Defendant's objection because (1) the Government provided adequate notice to the Defendant of its intent to use the text messages; and (2) the Government offered the messages to prove Defendant's intent to distribute methamphetamine, not to show action in conformity with character. *See* FED. R. EVID. 404(b); *U.S. v. Lugo-Lopez*, 833 F.3d 453, 460-61 (5th Cir. 2016).

After admitting Exhibits 102 and 103, the Court instructed the Jury that it could only consider the evidence as proof of the Defendant's state of mind or intent, but not as proof of other bad acts. The Government subsequently presented Exhibits 102 and 103 to the Jury following the Court's ruling and limiting instruction. Defendant did not move to suppress Exhibits 102 and 103 at that time.

However, during cross-examination, Defense Counsel made an *untimely* Motion to Suppress Exhibits 102 and 103 on the grounds law enforcement lacked a warrant to search Defendant's cell phone. The Court heard argument from Defense Counsel and the Government on whether Defendant possessed "good cause" for the untimely Motion under Federal Rule of Criminal Procedure 12(c)(3). Defense Counsel presented no reason or excuse for why he failed to include his arguments about the text messages in his pre-trial Motion to Suppress, nor did he show prejudice to his case. Accordingly, the Court declined to consider the untimely Motion.

Following a two-day trial, the Jury found Defendant guilty on all four counts of the Indictment. *See* ECF No. 65. Defendant subsequently moved to set aside the verdict and for a new trial based on the Court's rulings on his pre-trial and mid-trial Motions to Suppress.

**LEGAL STANDARD**

Under Rule 33 of the Federal Rules of Criminal Procedure, a district court may grant a new trial if the "interest of justice so requires." FED. R. CRIM. P. 33(a). "A motion for new trial should be denied where 'the evidence [is] sufficient to support the Jury's verdict if a rational Jury could have found the essential elements of the crime beyond a reasonable doubt'." *U.S. v. Demik*, No. 3:04-CR-289-H, 2005 WL 7394037, at *1 (N.D. Tex. 2005), aff'd, 489 F.3d 644 (5th Cir. 2007). "[M]otions for new trial are not favored, and are granted only with great caution. The remedy of a new trial is rarely used; it is warranted 'only where there would be a miscarriage of justice' or

'where the evidence preponderates heavily against the verdict.'" *U.S. v. O'Keefe*, 128 F.3d 885, 898 (5th Cir. 1997) (quotations and citations omitted).

Here, Defendant's Motion for New Trial is, in effect, two motions for reconsideration of his earlier motions to suppress. A district court has discretion to reconsider its denial of a motion to suppress. *Jarman*, 847 F.3d at 264. A motion for reconsideration can be made on only three grounds: (1) an intervening change in controlling law that has occurred since the Court's earlier ruling; (2) evidence not previously available has become available; or (3) reconsideration is necessary to correct a clear error of law or fact or prevent a manifest injustice. *U.S. v. Thompson*, No. CR 14-153, 2017 WL 6325818, at *3 (E.D. La. Dec. 11, 2017), *aff'd sub nom. U.S. v. Williams*, 774 F. App'x 871 (5th Cir. 2019).

ANALYSIS

*Pretrial Motion to Suppress*

Defendant's Motion does not identify any intervening change in the applicable law or produce any new evidence to support reconsideration of his pre-trial Motion to Suppress. Instead, he argues the Court's ruling exceeded the scope of the automobile exception because the Officer who searched the vehicle believed he was acting under the authority of a warrant.

Defendant's argument is irrelevant even if it were true. The Court examines what the law *objectively* permitted the Officer to do in light of the information he possessed and not on the basis of his *subjective* intent. *See U.S. v. Hernandez*, 901 F.2d 1217, 1222 (5th Cir. 1990) (internal citation omitted). Thus, the Court denies Defendant's Motion for Reconsideration for the reasons stated in the Court's April 9, 2021, Memorandum Opinion and Order (ECF No. 49), which the Court incorporates by reference here.

*Mid-Trial Motion to Suppress*

Defendant next argues the Court should have heard and granted his mid-trial Motion to Suppress certain text messages law enforcement discovered on his cell phone during a forensic download. The Court denies Defendant's Motion for Reconsideration because (1) Defense Counsel invited error by failing to object on suppression grounds before the Government presented the evidence to the Jury; and, (2) even if Defendant had not invited error, he again fails to show "good cause" for why the Court should consider the untimely filing.

**Doctrine of Invited Error**

"A Defendant may not complain on appeal of errors that he himself invited or provoked the Court to commit." *See U.S. v. Salazar*, 751 F.3d 326, 332 (5th Cir. 2014) (quoting *U.S. v. Wells*, 519 U.S. 482, 487-88 (1997). The doctrine of invited error applies only where the error can be attributed to the actions of the defense. *Id.* (citing *U.S. v. Green*, 272 F.3d 748, 754 (5th Cir. 2001)). Invited error imposes a higher standard of review than does plain error review. *Id.* The Fifth Circuit has *repeatedly* held that it will not reverse on the basis of invited error absent "manifest injustice." *Id.* (citing *U.S. v. Pankhurst*, 118 F.3d 345, 359 (5th Cir. 1997).

Here, Defendant does not argue that he did not receive the text messages or various search warrants during discovery. Accordingly, the Court finds Defendant knew—or should have known as soon as he received discovery—that law enforcement searched his text messages, and that the Government might try to introduce the fruits of that search during trial.

Further, the Court afforded Defendant *numerous* opportunities to raise the subject prior to or during trial. Defendant failed to do so at any of the following intervals: (1) the Amended Criminal Trial Scheduling Order's deadline for pretrial motions on March 30, 2021; (2) the Court's extended pretrial motions deadline on April 2, 2021; (3) on April 8, 2021, when Defendant

received notice the Government planned to use the text messages to prove intent; (4) in his Trial Brief (ECF No. 74), which was required by Paragraph 26 of the Amended Scheduling Order (ECF No. 39); (5) after receiving the Government's Trial Brief on April 15, 2021, in which the Government again stated that it intended to use the text messages (ECF No. 50 at 5); (6) during the April 21, 2021, Pretrial Conference when the Court requested to hear any remaining pretrial motions, untimely or otherwise; (7) after voir dire, when the Court asked the Parties if any remaining motions required adjudication before the Jury entered the Courtroom; or (8) anytime during the Government's case-in-chief before it presented the evidence to the Jury.

Instead—with exhibits noticed, adjudicated, admitted, and the Court having explained the standards for untimely motions to suppress under Rule 12(c)(3) in a *written* Order (ECF No. 60)—Defendant sat on his hands, did nothing, and invited error while the Government presented the text messages to the Jury. *See Green*, 272 F.3d at 754.

**Failure to Show "Good Cause"**

However, even if the doctrine of invited error does not apply, Federal Rule of Criminal Procedure 12(b)(3) obliges parties to raise a suppression arguments "by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." A motion to suppress is untimely if it is filed after the pretrial motions deadline in the Court's criminal trial scheduling order or—where the Court does not enter a scheduling order—before trial. FED. R. CRIM. P. 12(c)(1). The Court may consider an untimely motion to suppress only upon a showing of good cause, which requires the movant show both cause and prejudice. *See Williams*, 774 Fed.Appx. at 876-78 (citing *U.S. v. Fry*, 792 F.3d 792 F.3d 884, 888 (8th Cir.2015)).

6

Defendant did not show good cause for why the Court should consider his untimely motion during trial—nor can he do so now. Again, Defendant knew—or should have known—about the disputed evidence as soon as he received discovery. However, Defendant failed to raise the issue in his pre-trial Motion to Suppress or at any of the numerous intervals prior to trial, and proffered no excuse for this failure. *See* discussion *supra* at 5-6. Still, Defendant waited until the Jury had already seen Exhibits 102 and 103 to make his Motion. For these reasons, the Court—in its discretion—denies Defendant's Motion to Reconsider because his Motion to Suppress was untimely under Rule 12(c)(1), and Defendant has not shown good cause under Rule 12(c)(3).

Further, the Court's decision did not prejudice the Defendant's case. First, the Court admitted the evidence for the limited purpose of proving intent and provided strict limiting instructions to the Jury. The Jury is presumed to have followed those instructions in its deliberations. *See U.S. v. Cessa*, 785 F.3d 165, 183 (5th Cir. 2015) (citing *Zafiro v. U.S.*, 506 U.S. 534, 540 (1993)). Second, Even if the Court heard the untimely Motion, granted it, and barred introduction of Exhibits 102 and 103 under the exclusionary rule, it would *not* have affected the outcome of the proceedings.[2] . *See U.S. v. Vasquez*, 899 F.3d 363, 373 (5th Cir. 2018) (citing *U.S. v. Olano*, 507 U.S. 725, 734 (1993)). During trial, the Government presented substantial evidence of Defendant's intent to distribute the methamphetamine he possessed on November 13, 2020, in addition to the text messages, including (1) testimony by DEA Task Force Officer Randy Mincher that the quantity of methamphetamine in Defendant's vehicle was consistent with distribution, not personal use,[3] and (2) testimony by DEA Task Force Officer Jeremy Hoffman that Defendant

---

[2] Though Defendant failed to brief the issue in his pre-trial Motion to Suppress (ECF No. 40), his Trial Brief (ECF No. 74), his mid-trial Motion to Suppress, or in the Motion before the Court (ECF No. 71), the Court was at all times aware of the Supreme Court's holding in *Riley v. California*, 573 U.S. 373, 401 (2014) ("Our holding, of course, is not that the information on a cell phone is immune from search; it is instead that a warrant is generally required before such a search, even when a cell phone is seized incident to arrest").

[3] *See U.S. v. Washington*, 44 F.3d 1271, 1283 (5th Cir.1995) (citations omitted) (The Fifth Circuit has found it "well-established that an experienced narcotics agent may testify about the significance of certain conduct or

confessed to possessing the methamphetamine and also had $3,821.00 in cash in his wallet despite being unemployed since January 2020.[4] Accordingly, any error in denying Defendant's untimely Motion did not affect his "substantial rights" because it did not affect the *outcome* of the district court proceedings. *See Vasquez*, 363 F.3d at 373.

**Standard of Review**

The Court acknowledges the 2014 Amendment to Federal Rule of Criminal Procedure 12(c) and the Advisory Committee Notes accompanying that Amendment clarify that Rule 12 recognizes the traditional distinction between forfeiture of a claim and waiver of same. *See id.* As a result, the Court's decision on Defendant's untimely Motion could be subject to plain error review on appeal. *Id.*[5]

The Defendant bears the burden of proving plain error. *Id.* (citing *U.S. v. Dominguez Benitez*, U.S. 74, 82 (2004)). "To do so, he must prove an error that was "clear or obvious, rather than subject to reasonable dispute." *Id.* (citing *Puckett v. U.S.*, 556 U.S. 129, 135 (2009)). "The error must affect his 'substantial rights, in which the ordinary case means he must demonstrate that it affected the outcome of the district court proceedings'." *Id.* (internal citations and punctuation omitted). Even if Defendant can make these showings, the Court of Appeals has "discretion to remedy the error—discretion which ought to be exercised only if the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings'." *Id.* (internal citations and punctuation omitted).

---

methods of operation unique to the drug distribution business, as such testimony often is helpful in assisting the trier of fact understand the evidence").
[4] See *U.S. v. Penny*, 60 F.3d 1257, 1263 (7th Cir. 1995) ("Evidence of unexplained wealth is probative and therefore admissible if it 'creates a reasonable inference of the defendant's involvement in the drug conspiracy or trafficking.'")
[5] The Court is perplexed that Rule 12(c)(3) precludes it from considering an untimely Motion to Suppress without a showing of "good cause," yet the Court of Appeals may review the merits of suppression without the benefit of the factfinding at the District Court level.

8

Here, the Court's decision on the untimely Motion did not affect Defendant's substantial rights. As a result, any error would be harmless. *See* discussion *supra* at 7-8; *see also U.S. v. Hall*, 500 F.3d 439, 444 (5th Cir. 2007) ("The erroneous introduction of cumulative evidence was harmless error"). However, even if the Court of Appeals finds "plain error," it should decline to exercise its discretion to correct it. The Sixth Circuit also reviews untimely motions under Rule 12(c)(3) for plain error, and has held that the standard "discourages deleterious defense practices." *See U.S. v. Soto*, 794 F.3d 635, 652-56 (6th Cir. 2015)("we do not treat the failure to file a motion as a waiver unless the circumstances of the case indicate that the defendant intentionally relinquished a known right").

In *U.S. v. Soto*, a Sixth Circuit panel opined that where there is evidence a defense attorney sat "silently by," allowed the Government to present the evidence to the Jury with full knowledge of the error, and then "ambush[es]" the Government with an untimely motion to suppress, then the Court of Appeals should decline to exercise its discretion to correct any error. *Id.* at 656. Here, Defense Counsel did exactly that, and review or correction of any plain error in this case would encourage other attorneys to engage in similar deleterious practices.

**CONCLUSION**

Defendant's Motions to Reconsider are **DENIED** for the reasons stated above. Having denied those motions, the Court **FINDS** no additional grounds that would support a new trial and **DENIES** Defendant's Motion. *See O'Keefe*, 128 F.3d at 898 (quotations and citations omitted).

**SO ORDERED.**

June 3, 2021

_____
MATTHEW J KACSMARYK
UNITED STATES DISTRICT JUDGE